UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING,

    Plaintiff,

v.

ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC,

    Defendants.

_____/

Case No.: 1:21-cv-3308

## COMPLAINT

**COMES NOW**, Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING (hereinafter referred to as "Plaintiff" and/or "DGF"), by and through its undersigned attorneys, as and for its Complaint against Defendants, ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC (hereinafter collectively "ZIM" and/or "Defendants"), alleges upon information and belief as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING, is an Ohio corporation with is principal address at 1210 South Pine Island Road, Plantation, Florida 33324, and was a party to Defendant's bills of lading that is the subject of the instant transaction. As such, it is entitled to bring and has standing to maintain the instant action.

2.    At all material times, Defendant, ZIM INTEGRATED SHIPPING SERVICES LTD., is a foreign corporation or business entity organized and existing under and by virtue of laws of the United States respectively, and/or is a carrier or transportation service provider for

1

carriage of goods by sea for hire. ZIM operates routes in this District and otherwise does business in this District.

3.      At all material times, Defendant, ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC is a limited liability company that is organized and existing under the laws of the State of New York with its principal place of business at 111 Eighth Avenue, New York, New York 10011. ZIM operates routes in this District and otherwise does business in this District.

4.      This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and jurisdiction is predicated upon 28 U.S.C. §1333.

5.      Venue in this district is predicated on the jurisdiction clause contained in Defendants' bill of lading, which provides for jurisdiction of all claims under the bill of lading to be subject to the exclusive jurisdiction of the United States District Court for the Southern District of New York.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

7.      The Plaintiff timely submitted written notification of loss; has complied with all conditions precedent to the bringing of this action; or said conditions have been met, waived, or excused.

**FACTUAL BACKGROUND**

8.      On or about April 2020, a consignment consisting of goods, said to contain, laden in twelve (12) containers, including container numbers JXLU5844318, SZLU9005860, SZLU9039290, ZCSU5108913, ZCSU5851472, ZCSU5858121, ZCSU5863072,

ZMOU8821820, ZMOU8845993, ZMOU8847595, ZMOU8881183, and ZMOU8882549, then being in good order and condition, was delivered to ZIM, and/or its agents, in or around Koper, Slovenia for transportation to Fogelsville, Pennsylvania via New York, New York, and in consideration of an agreed upon freight, pursuant to ZIM bill of lading number ZIMUKOP016689.

9. On or about April 2020, the aforementioned containers were loaded aboard the M/V Harrison and the vessel departed Koper, Slovenia.

10. ZIM contracted for the movement of the subject shipment from Koper, Slovenia to Fogelsville, Pennsylvania as further evidenced in the ZIM bill of lading number ZIMUKOP016689. Further, the ZIM bill of lading provides for through transit to Fogelsville, Pennsylvania.

11. However, during transit, the subject shipments were damaged, including the goods in containers JXLU5844318, SZLU9005860, SZLU9039290, ZCSU5108913, ZCSU5851472, ZCSU5858121, ZCSU5863072, ZMOU8821820, ZMOU8845993, ZMOU8847595, ZMOU8881183, and ZMOU8882549.

12. Thereafter, the subject shipments were discharged from the M/V Harrison at or near New York, New York with through transit to Fogelsville, Pennsylvania.

13. Accordingly, the subject shipment was damaged in transit and not delivered to the consignee in the United States in good order and condition.

14. As a result of Defendants' breaches and material deviation, Plaintiff has suffered damages in an amount in excess of $517,442.22 USD. Plaintiff reserves the right to amend this amount as purported claims and charges continue to accrue given Defendant's improper handling of the subject shipment.

**COUNT I – U.S. COGSA**

15. Plaintiff realleges and repeats paragraphs 1-14 as if set forth herein at length and alleges further that:

16. On or about April 2020, ZIM was hired to transport the subject cargo from Koper, Slovenia to Fogelsville, Pennsylvania.

17. Defendants contracted and agreed to deliver the subject shipments in the same good order and condition as when received and as evidence of that agreement Defendants issued their bills of lading without exception.

18. Defendants breached their respective statutory and contractual obligations by failing to transport the cargo and deliver the cargo in the same condition as it was tendered.

19. As a result thereof, Plaintiff has suffered damages in an amount in excess of $517,442.22.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING, respectfully requests that judgment be entered against Defendants, ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC, in favor of Plaintiff in an amount in excess of $517,442.22, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

**COUNT II – BREACH OF BAILMENT**

20. Plaintiff realleges and repeats paragraphs 1-14 as if set forth herein at length and alleges further that:

21. Pursuant to their obligations as a bailee for hire of the subject shipment, Defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect, and

deliver the subject shipment in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

22. Defendants breached their respective duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect, and deliver the subject shipment in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

23. As a direct and proximate result of the breach of bailment by Defendants, Plaintiff has suffered damages in an amount in excess of $517,442.22.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING, respectfully requests that judgment be entered against Defendants, ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC, in favor of Plaintiff in an amount in excess of $517,442.22, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT III – NEGLIGENCE

24. Plaintiff realleges and repeats paragraphs 1-14 as if set forth herein at length and alleges further that:

25. Defendants owed a duty to Plaintiff to carry, bail, keep and care for, protect, and deliver the subject shipment in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

26. Defendants breached and were negligent in their duty to carry, bail, keep and care for, protect, and deliver the subject shipment in the same good order and condition as at the time Defendants first accepted custody and control of the goods.

27. As a direct and proximate result of the negligent by Defendants, Plaintiff has suffered damages in an amount in excess of $517,442.22.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING, respectfully requests that judgment be entered against Defendants, ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC, in favor of Plaintiff in an amount in excess of $517,442.22, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT IV – INDEMNITY

28. Plaintiff realleges and repeats paragraphs 1-14 as if set forth herein at length and alleges further that:

29. Defendants undertook certain obligations as set forth above for due consideration.

30. Defendants breached their obligations by failing to deliver the subject shipment to the consignee.

31. The consignee has brought a claim against Plaintiff in regard to the subject shipment and alleged damages. In the event that Plaintiff is found liable to an interested party, such damage resulted from the breaches of contract, warrant, or standard of care (statutory or otherwise); and/or other wrongful acts on the part of Defendants, which entitle Plaintiff to the recovery of reasonable attorney's fees and costs, as well as indemnification and/or contribution.

32. Plaintiff has incurred and will incur attorney's fees in this matter.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING, respectfully requests that

judgment be entered against Defendants, ZIM INTEGRATED SHIPPING SERVICES LTD. and ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, LLC, in favor of Plaintiff in an amount in excess of $517,442.22, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

Date: April 15, 2021                                    Respectfully Submitted,

                                                  **SPECTOR RUBIN, PA**

By:    */s/ Andrew Spector*
          Andrew R. Spector, Esq. (AS-3887)
          Continental Plaza
          3250 Mary Street, Suite 405
          Miami, Florida 33133
          andrew.spector@spectorrubin.com

          */s/ Troy Geisser*
          Troy Geisser, Esq. (TG-9012)
          11 Broadway, Suite 615
          New York, NY 10004
          Tel: (305) 537-2000
          Fax: (305) 537-2001
          troy.geisser@spectorrubin.com

          *Attorneys for Plaintiff, Air Express International USA, Inc. d/b/a DHL Global Forwarding*